UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT E. REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-2565 CAS |
| | ) | |
| LINDA COLLIER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Vincent E. Reed for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay the filing fee, and therefore the motion will be granted.

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court must review a complaint when it is filed and dismiss it if subject matter jurisdiction is lacking. Moreover, a complaint filed in forma pauperis must be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915. Having reviewed the complaint in this case, the Court finds that it must be summarily dismissed for lack of subject matter jurisdiction.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against "Missouri Department of Social Services Child Support," Linda Collier (an Authorized representative of the Director of Child Support Enforcement), and Gwendolyn Belton (an Authorized representative of the Director of Child Support Enforcement). Plaintiff's claims arise out of a Missouri child support dispute.

Liberally construing the complaint,[1] plaintiff is alleging that defendants are violating his constitutional rights by enforcing Missouri's child support laws against him and by failing to respond to a "Constructive Notice of Conditional Acceptance," "Affidavit of Response," "Record of Presentment," "Notice of Fault in Dishonor Opportunity to Cure," "Notice of Default in Dishonor Consent to Judgment" and other documents that he sent to the defendants in August 2013.[2] Plaintiff asks this Court to enforce his own self-imposed default judgment against the defendants and dismiss the state child support case against him for lack of jurisdiction. In addition, plaintiff asks this Court to "[s]top these abuses of the colorable authority by child support enforcement as it pertains to [him]."

## Discussion

Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." *Id*. Thus, to the extent that plaintiff is seeking review and dismissal of the Missouri child support case in which he is presently involved, this Court lacks jurisdiction to entertain plaintiff's claims.

Moreover, the Court lacks jurisdiction over the subject matter of this case, i.e., child support. *See Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception . . . divests

---

[1] The Court takes judicial notice of *Reed v. Missouri Child Support Enforcement*, No. 4:12-CV-1391 CAS (E.D. Mo.), a case similar to the instant action that plaintiff filed in this Court on August 2, 2012. The case was dismissed for lack of subject matter jurisdiction on September 5, 2012. On December 14, 2012, the United States Court of Appeals for the Eighth Circuit summarily affirmed the judgment; the mandate issued on January 24, 2013.

[2] Plaintiff was convicted of felony non-support in the St. Louis County Circuit Court, State of Missouri. *See Reed v. Missouri Child Support Enforcement*, No. 4:12-CV-1391 CAS (E.D. Mo.).

the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody."); *Lannan v. Maul*, 979 F.2d 627, 631 (8th Cir. 1992) ("child support obligations [are] within the domestic relations exception domain"). For these reasons, the Court must dismiss this action for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because this Court lacks jurisdiction over the subject matter of this case.

A separate Order of Dismissal will be filed with this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  6th  day of February, 2014.